MICHAEL V. SCHRADER, APPELLANT, V. FARMERS MUTUAL INSURANCE COMPANY OF NEBRASKA, APPELLEE.

608 N.W. 2d 194

Filed March 31, 2000. No. S-98-995.

Michael L. Cruise for appellant.

Kevin T. Lytle, of DeMars, Gordon, Olson & Shively, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

Michael V. Schrader appeals from an order of the Lancaster County District Court in which summary judgment was entered in favor of Farmers Mutual Insurance Company of Nebraska (Farmers Mutual) on the basis that Neb. Rev. Stat. § 44-6413(1)(e) (Reissue 1998) barred Schrader's claim as untimely. The question presented in this appeal is whether § 44-6413(1)(e) operates to bar an insured's claim for uninsured or underinsured motorist benefits when the insured has timely filed an underlying tort claim against the uninsured or underinsured motorist. For the reasons that follow, we conclude that

§ 44-6413(1)(e) does not apply in the instant case and, therefore, reverse the judgment of the district court and remand the cause for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 18, 1992, Schrader was a passenger in Denise Schweitzer's car when Schweitzer negligently failed to yield the right-of-way while turning left into the path of an oncoming vehicle, causing injuries to Schrader. Schrader filed suit against Schweitzer on December 12, 1996. Schweitzer's insurer, Farmers Insurance Group, offered to settle Schrader's claim for $30,000, the limits of Schweitzer's policy. Schrader notified his own insurer, Farmers Mutual, of the offer, and in a letter dated January 1, 1997, Farmers Mutual consented to the settlement with Farmers Insurance Group.

Schrader then sought underinsured motorist benefits through his Farmers Mutual coverage. Farmers Mutual offered no more than $5,000 to settle the underinsured motorist claim. Schrader subsequently filed suit against Farmers Mutual for underinsured motorist benefits, costs, and attorney fees on December 5, 1997. In its amended answer, Farmers Mutual asserted that Schrader's causes of action were barred by the statute of limitations.

Farmers Mutual then moved for summary judgment on April 30, 1998, relying on the pleadings. The motion was heard on June 25; the evidence of both parties focused on the statute of limitations issue. Schrader offered the affidavit of his attorney, which detailed his negotiations with Kathy Garren of Farmers Mutual. Attached to the affidavit were Schrader's letters of notification regarding the pending settlement with Farmers Insurance Group and Farmers Mutual's consent to the settlement.

The district court granted Farmers Mutual's motion, finding that § 44-6413 governed the action because it was the statute in effect when the action was filed. The district court rejected Schrader's argument that the contract statute of limitations, Neb. Rev. Stat. § 25-205 (Reissue 1995), applied, stating:

> [Section] 44-6413 clearly states the statute of limitations for underinsured motorist coverage is the same as the statute of limitations on the claim against the underinsured

motorist. The claim against the underinsured motorist is not for a written contract. Therefore, NEB. REV. STAT. § 25-205 does not apply.

The district court then concluded:

Plaintiff's claim against the underinsured motorist is for injuries sustained from the accident, which is a tort claim. The statute of limitations for a tort claim is covered under NEB. REV. STAT. § 25-207, which provides: "The following actions can only be brought within four years: . . . (3) an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated; . . . ." [Citation omitted.] Therefore, the applicable statute of limitations is four years.

Plaintiff has failed to meet the four year statute of limitations. The accident occurred on December 18, 1992, and Plaintiff filed the petition for the underinsured motorist coverage on December 5, 1997, nearly four years and eleven months after the accident, which is well past the four year statute of limitation[s] for torts. Therefore, the underinsured motorist coverage claim is barred.

Schrader filed his notice of appeal on September 23, 1998. On March 4, 1999, Farmers Mutual filed a motion for summary affirmance pursuant to Neb. Ct. R. of Prac. 7B(2) (rev. 1996). In its motion, Farmers Mutual asserted that there was no dispute as to the applicable law and that *Kratochvil v. Motor Club Ins. Assn.*, 255 Neb. 977, 588 N.W.2d 565 (1999), conclusively determined the relevant issue in that § 44-6413(1)(e) prevents bringing an action for underinsured motorist coverage after the 4-year statute of limitations for the underlying tort claim has expired. The Nebraska Court of Appeals overruled Farmers Mutual's motion for summary affirmance on April 1, 1999. We moved this case to our docket pursuant to our authority to regulate the caseloads of the Nebraska appellate courts.

## ASSIGNMENTS OF ERROR

Schrader alleges, restated, that the district court erred (1) in granting Farmers Mutual's summary judgment motion; (2) in ruling that the applicable statute of limitations respecting underinsured motorists is 4 years, when Schrader did not allow the

claim against the underlying tort-feasor to expire; and (3) in failing to grant Schrader time to amend his pleadings in order to allege facts that would toll the statute of limitations, if it is determined that the applicable statute is 4 years.

## STANDARD OF REVIEW

■ Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Pfeifer v. E.I. Du Pont de Nemours & Co.*, 258 Neb. 756, 606 N.W.2d 773 (2000).

■ When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below. *Nelson v. Lusterstone Surfacing Co.*, 258 Neb. 678, 605 N.W.2d 136 (2000); *In re Estate of Poach*, 257 Neb. 663, 600 N.W.2d 172 (1999).

## ANALYSIS

The plain language of § 44-6413(1)(e) dictates the outcome of this appeal. Section 44-6413 provides:

> (1) The uninsured and underinsured motorist coverages provided in the Uninsured and Underinsured Motorist Insurance Coverage Act shall not apply to:
>
> . . . .
>
> (e) Bodily injury, sickness, disease, or death of the insured with respect to which the applicable statute of limitations *has expired* on the insured's claim against the uninsured or underinsured motorist.

(Emphasis supplied.)

■ In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Lyman-Richey Corp. v. Nebraska Dept. of Rev.*, 258 Neb. 908, 606 N.W.2d 813 (2000); *State ex rel. Stenberg v. Moore*, 258 Neb. 199, 602 N.W.2d 465 (1999). If the language of a statute is

clear, the words of such statute are the end of any judicial inquiry regarding its meaning. *Ameritas Life Ins. v. Balka*, 257 Neb. 878, 601 N.W.2d 508 (1999).

The language of § 44-6413(1)(e) is clear. It bars as untimely an insured's claim for uninsured or underinsured motorist benefits when the statute of limitations on the underlying claim against the uninsured or underinsured motorist has *expired*. Section 44-6413(1)(e) clearly does not apply in the instant case, because the statute of limitations on Schrader's claim against the underinsured motorist, Schweitzer, never expired. As noted previously, Schrader's claim against Schweitzer accrued on December 18, 1992, the date of the accident. He timely filed suit against Schweitzer on December 12, 1996, and thus, the statute of limitations never expired. Section 44-6413(1)(e) does not apply if an insured timely files a claim against an uninsured or underinsured motorist because the statute of limitations on the insured's claim against the uninsured or underinsured motorist never expired, as in the instant case. Section 44-6413(1)(e) is therefore inapplicable, and the district court erred in concluding the suit was time barred and in granting summary judgment.

*Kratochvil v. Motor Club Ins. Assn.*, 255 Neb. 977, 588 N.W.2d 565 (1999), is readily distinguishable. In *Kratochvil*, the appellant was injured in a automobile accident on May 15, 1991. He did not timely file suit against the uninsured motorist. Kratochvil sought uninsured motorist coverage under his automobile liability policies issued by Motor Club and ultimately filed suit against it on May 14, 1996. The district court granted Motor Club's motion for summary judgment, reasoning that § 44-6413(1)(e) applied because it was the specific statute of limitations in effect when Kratochvil filed his claim. Kratochvil appealed. We determined that § 44-6413(1)(e) controlled over § 25-205 because it was a specific statute addressing the time period within which an uninsured motorist coverage claim must be brought against the insurer where the applicable statute of limitations had expired on the insured's underlying claim against the uninsured motorist.

The significant difference between *Kratochvil* and the instant case, however, is that § 44-6413(1)(e) applied in *Kratochvil*

whereas in the instant case, it does not. In *Kratochvil*, § 44-6413(1)(e) applied because the statute of limitations on the insured's underlying claim against the uninsured motorist had expired since the insured had not timely filed suit against the uninsured motorist. In the instant case, however, the statute of limitations never expired on Schrader's claim against Schweitzer because Schrader timely filed suit against her. Moreover, pursuant to Neb. Rev. Stat. § 44-6412 (Reissue 1998), Schrader timely notified his own insurer, Farmers Mutual, of the $30,000 settlement offer in the underlying claim, ·and Farmers Mutual consented in writing to the settlement with Schweitzer's insurance carrier. Section 44-6413(1)(e) simply does not apply under these circumstances, and therefore, *Kratochvil* is inapposite.

Having determined that § 44-6413(1)(e) is inapplicable, we must decide what statute of limitations applies under these circumstances. Uninsured and underinsured motorist coverage is generally governed by contract; in other words, Schrader would have no cause of action against Farmers Mutual if it were not for the underinsurance coverage provided by his insurance policy. Thus, absent a specific statute addressing the time period within which this type of action must be brought against the uninsured or underinsured motorist coverage insurer, actions on written contracts may be brought within 5 years, pursuant to § 25-205. See *Kratochvil v. Motor Club Ins. Assn., supra.* That being the rule, a vast majority of jurisdictions conclude that their contract statutes of limitations apply under these circumstances. See 3 Alan I. Widiss, Uninsured and Underinsured Motorist Insurance § 34.3 (2d ed. 1995 & Cum. Supp. 1999). See, also, *Plumley v. May*, 189 W. Va. 734, 434 S.E.2d 406 (1993); *Safeco Insurance v. Barcom*, 112 Wash. 2d 575, 773 P.2d 56 (1989); *Lemrick v. Grinnell Mut. Reinsurance Co.*, 263 N.W.2d 714 (Iowa 1978); *Franco v. Allstate Insurance Company*, 505 S.W.2d 789 (Tex. 1974); *Pickering v. American Empl. Ins. Co.*, 109 R.I. 143, 282 A.2d 584 (1971); *Turlay v. Farmers Insurance Exch.*, 259 Or. 612, 488 P.2d 406 (1971); *Sahloff v. Western Casualty & Surety Co.*, 45 Wis. 2d 60, 171 N.W.2d 914 (1969); *Panos v. Perchez*, 546 N.E.2d 1253 (Ind. App. 1989); *Edwards v.*

*State Farm Ins. Co.*, 574 S.W.2d 505 (Mo. App. 1978); *DAIIE v Hafendorfer*, 38 Mich. App. 709, 197 N.W.2d 155 (1972). One court explained the rationale for the application of a contract statute of limitations as follows:

> Although a tortious injury is an incidental element in the insured's suit against his insurer over a policy contract, the action is fundamentally one in contract. The [insured] here would have no action if it were not for the coverage provided by her insurance policy. The insurer's liability rises solely from the insurance contract and nothing else.

*Pickering v. American Empl. Ins. Co.*, 109 R.I. at 150, 282 A.2d at 588.

■ We agree and hold that § 25-205, which provides for a 5-year statute of limitations on written contracts, applies in an insured's suit against its uninsured or underinsured motorist coverage insurer, when the insured has timely filed the underlying claim against the uninsured or underinsured motorist.

That leads us to the last issue which is potentially present in this appeal, When does a cause of action for underinsured motorist benefits accrue? Several jurisdictions have addressed this issue. Some courts have found that the cause of action accrues upon the resolution of the underlying tort claim, while courts in other jurisdictions have held that the date of the accident triggers the statute of limitations. Still other courts reason that the cause of action accrues when the insurer rejects the insured's claim for benefits. See Widiss, *supra*, § 34.4.

Because we need not decide the accrual issue to resolve the instant appeal, and because the parties have not briefed this issue, we reserve for another day judgment on when a cause of action for underinsured motorist benefits accrues. We need not decide when Schrader's cause of action accrued, because his action is timely regardless of whether the statute of limitations began to run on the date of the accident, the date the underlying tort claim was resolved, or the date when the contract was allegedly breached.

Assuming without deciding that the cause of action accrued at the earliest possible time of the aforementioned dates, the date of the accident, Schrader's suit is timely. The accident

occurred on December 18, 1992, and Schrader filed suit against Farmers Mutual on December 5, 1997, clearly within the applicable 5-year limitations period of § 25-205.

## CONCLUSION

Therefore, we conclude that the district court erred in granting summary judgment in favor of Farmers Mutual. Schrader's action was not time-barred by § 44-6413(1)(e), because § 44-6413(1)(e) does not apply when the insured has timely filed the underlying claim against the uninsured or underinsured motorist. Section 25-205 is the applicable statute of limitations governing this cause of action. Because Schrader's cause of action is timely filed, we reverse the judgment of the district court and remand this cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

STEPHAN, J., not participating.