ANNE DWORAK, APPELLANT, V.
FARMERS INSURANCE EXCHANGE, APPELLEE.
693 N.W.2d 522

Filed February 25, 2005.   No. S-03-1428.

. James E. Harris, Britany S. Shotkoski, and Michaela E. Welniak, of Harris Kuhn Law Firm, L.L.P., for appellant.

Daniel P. Chesire, of Lamson, Dugan & Murray, L.L.P., and Raymond E. Walden, of Walden Law Office, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Anne Dworak sued her insurer, Farmers Insurance Exchange (Farmers Insurance), seeking underinsured motorist benefits and other relief pursuant to the Unfair Insurance Claims Settlement Practices Act, Neb. Rev. Stat. §§ 44-1536 to 44-1544 (Reissue 1998). Farmers Insurance moved for summary judgment, asserting that the suit was barred under Neb. Rev. Stat. § 44-6413(1)(e) (Reissue 2004) because the statute of limitations applicable to Dworak's suit against the driver of the other vehicle had expired prior to Dworak's commencement of the current action against

Farmers Insurance. The Douglas County District Court entered judgment in favor of Farmers Insurance.

SCOPE OF REVIEW

■ Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Blue Cross and Blue Shield v. Dailey*, 268 Neb. 733, 687 N.W.2d 689 (2004).

■ In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

■ When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Id.*

FACTS

At all times relevant to this appeal, Farmers Insurance provided automobile insurance coverage to Dworak, including underinsured motorist liability protection. On September 17, 1997, Dworak was involved in an automobile accident in Omaha. The driver of the other vehicle was Tammi Smith. As a result of the accident, Dworak incurred a number of physical injuries, some necessitating surgery.

On August 13, 2001, Smith's insurer, American Family Insurance, offered to settle with Dworak for its policy limits of $50,000. Dworak then wrote to Farmers Insurance to notify the company of the settlement offer in accordance with Neb. Rev. Stat. § 44-6412(2) (Reissue 2004).

On September 7, 2001, Dworak filed suit against Smith and an entity referred to in the petition as "Farmers' Insurance Company." Dworak claimed damages caused by Smith's negligence and sought a declaration of Dworak's rights under the underinsured motorist provisions of her insurance contract with Farmers Insurance. On the same day, Farmers Insurance wrote to notify Dworak that it would "exercise its 44-6412 opportunity" to substitute payment for the settlement proposed by Smith's insurer, American Family Insurance, pursuant to § 44-6412(2).

The district court dismissed Dworak's petition without prejudice on July 11, 2002, pursuant to the court's case progression standards. No summons was ever served upon the defendants.

Dworak filed the current action against Farmers Insurance on October 15, 2002. She sought a declaration of her "rights, status and other legal obligations and entitlements" pursuant to the underinsured motorist provisions of her insurance policy issued by Farmers Insurance. Farmers Insurance moved for summary judgment, claiming that because Dworak's cause of action against Smith was barred by the applicable statute of limitations, Dworak's suit against Farmers Insurance was also barred, pursuant to § 44-6413(1)(e).

The district court granted summary judgment in favor of Farmers Insurance. The court found that Dworak's claim against Smith had expired on September 17, 2001, and certainly no later than March 7, 2002 (the end of the 6 months allowed for service of summons with respect to the suit filed on September 7, 2001), both of which were several months before the filing of the present action. Accordingly, the court held that the present action was barred pursuant to § 44-6413(1)(e). Dworak perfected an appeal to this court.

## ASSIGNMENTS OF ERROR

Dworak's assignments of error can be summarized as follows: The district court erred in finding that her present lawsuit against Farmers Insurance was barred pursuant to § 44-6413(1)(e).

## ANALYSIS

The issue is whether § 44-6413(1)(e) applies to the case at bar. In its order sustaining summary judgment for Farmers Insurance, the district court relied upon § 44-6413(1)(e), which states:

(1) The uninsured and underinsured motorist coverages provided in the Uninsured and Underinsured Motorist Insurance Coverage Act shall not apply to:

. . . .

(e) Bodily injury, sickness, disease, or death of the insured with respect to which the applicable statute of limitations has expired on the insured's claim against the uninsured or underinsured motorist.

Dworak asserts that the district court erred in applying § 44-6413(1)(e). She concedes that service of summons in the original suit against Smith was not timely, but contends that the subsequent dismissal of that suit had no effect on the present action against Farmers Insurance. She claims that because the original action was dismissed without prejudice, she could refile suit against Farmers Insurance when her cause of action for underinsured motorist benefits accrued. According to Dworak, the district court erred in failing to consider the issue of when such a cause of action would accrue for underinsured motorist benefits.

Dworak claims that her cause of action is controlled by Neb. Rev. Stat. § 25-205 (Reissue 1995), which provides that an action on a written contract must be commenced within 5 years. At trial, Dworak asserted that Farmers Insurance breached its obligations under its policy of insurance sometime after September 14, 2001. Therefore, she claimed the 5-year limitation for actions on written contracts permitted her to commence her action against Farmers Insurance within 5 years of September 14.

■ Underinsured motorist coverage is a contract which indemnifies an insured when a tort-feasor's insurance coverage is inadequate. *Snyder v. EMCASCO Ins. Co.*, 259 Neb. 621, 611 N.W.2d 409 (2000). Because of the derivative nature of underinsured motorist coverage, two statutory limitations periods are arguably applicable to an insured's action against the underinsured motorist carrier. *Id.* The first is found in § 44-6413(1)(e), which provides that underinsured motorist coverage shall not apply to an action for "[b]odily injury . . . of the insured with respect to which the applicable statute of limitations has expired on the insured's claim against the . . . underinsured motorist." The second is found in § 25-205, which provides for a 5-year statute of limitations on written contracts.

Whether § 44-6413(1)(e) applies to the case at bar presents a question of law. When reviewing questions of law, an appellate court has an obligation to resolve questions independently of the conclusion reached by the trial court. *Blue Cross and Blue Shield v. Dailey*, 268 Neb. 733, 687 N.W.2d 689 (2004).

Dworak's claim against Farmers Insurance was filed more than 4 years after the accident involving Smith. Section 44-6413(1)(e) serves to bar certain claims for uninsured and underinsured

motorist coverage. We first addressed § 44-6413(1)(e) in *Kratochvil v. Motor Club Ins. Assn.*, 255 Neb. 977, 588 N.W.2d 565 (1999), where the plaintiff sued his insurer in order to recover uninsured motorist benefits after incurring injuries in an automobile accident. He did not file suit against the tort-feasor, and the suit against his insurer was filed after the expiration of the 4-year statute of limitations applicable to his action against the tort-feasor.

We held that § 44-6413(1)(e) operated as a bar to an action for uninsured motorist benefits where the insured claimant did not commence an action against the tort-feasor within the applicable limitations period. See *Kratochvil v. Motor Club Ins. Assn., supra.* We concluded that § 44-6413(1)(e) controlled the insured's claim and that the district court did not err in finding the claim was precluded because the applicable statute of limitations against the tort-feasor had expired prior to the filing of his action against his insurer.

Farmers Insurance argues that this appeal presents a factual situation that is analogous to that found in *Kratochvil*. Specifically, it claims that the 4-year statute of limitations applicable to Dworak's cause of action against Smith had expired prior to Dworak's filing of the present suit against Farmers Insurance. It contends that the filing of the original action against Smith, which was within the applicable statute of limitations, had no effect because it was subsequently dismissed. As such, it argues that § 44-6413(1)(e) serves as a bar to the present action.

Dworak relies upon *Schrader v. Farmers Mut. Ins. Co.*, 259 Neb. 87, 608 N.W.2d 194 (2000), and *Snyder v. EMCASCO Ins. Co.*, 259 Neb. 621, 611 N.W.2d 409 (2000), in arguing that § 44-6413(1)(e) does not apply to the case at bar. Dworak's reliance is misplaced because *Schrader* and *Snyder* are factually distinguishable. In *Schrader*, prior to the filing of the action against his insurer, but less than 4 years after the accident, Michael Schrader filed suit against the tort-feasor. More than 4 years after the accident occurred, Schrader accepted a settlement offer from the tort-feasor's insurer. Schrader then sought underinsured motorist benefits from his insurer.

Schrader's insurer moved for summary judgment, arguing that Schrader's suit against it was barred pursuant to § 44-6413(1)(e)

because it had been filed more than 4 years after the accident. The district court granted summary judgment.

We reversed and held that § 44-6413(1)(e) was not applicable. We distinguished *Kratochvil* by stating:

> In *Kratochvil*, § 44-6413(1)(e) applied because the statute of limitations on the insured's underlying claim against the uninsured motorist had expired since the insured had not timely filed suit against the uninsured motorist. In the instant case, however, the statute of limitations never expired on Schrader's claim against [the tort-feasor] because Schrader timely filed suit against her.

*Schrader v. Farmers Mut. Ins. Co.*, 259 Neb. at 93, 608 N.W.2d at 199. We held that in such a situation, the proper statute of limitations to apply was the 5-year limit for actions for written contracts pursuant to § 25-205.

In *Snyder*, the insured, Carol Snyder, was injured in an automobile accident and sued the tort-feasor within the 4-year statute of limitations. She then settled her claim against the tort-feasor and made a demand upon her insurer for underinsured motorist benefits provided by her policy. In a letter dated more than 5 years after the accident with the tort-feasor, Snyder's insurer denied the claim. The district court entered judgment in favor of Snyder, and her insurer appealed.

We concluded that § 44-6413(1)(e) did not apply because it was clear that Snyder had commenced her action against the tort-feasor within the 4-year limitations period governing tort actions. As in *Schrader*, we held that the proper statute of limitations was the 5-year limit for written contracts. Addressing the issue of when a cause of action accrues for underinsured motorist benefits, we stated the following:

> [W]e hold that an insured's cause of action on an insurance policy to recover underinsured motorist benefits accrues at the time of the insurer's breach or failure to do that which is required under the terms of the policy. . . .
>
> . . . Snyder's cause of action against [the insurer] did not accrue until [the insurer's] claims supervisor denied liability for underinsured motorist benefits . . . .

*Snyder v. EMCASCO Ins. Co.*, 259 Neb. at 629, 611 N.W.2d at 416.

Dworak argues that § 44-6413(1)(e) does not apply to the present case because her original action against Smith was dismissed without prejudice. She claims this would permit the refiling of her suit against Farmers Insurance if and when it breached or failed to perform under its policy. Dworak contends that the appropriate statute of limitations is the 5-year limit applicable to actions on written contracts and that, therefore, the current action was filed in a timely manner. This argument has no merit.

As previously stated, in *Schrader v. Farmers Mut. Ins. Co.*, 259 Neb. 87, 608 N.W.2d 194 (2000), and *Snyder v. EMCASCO Ins. Co.*, 259 Neb. 621, 611 N.W.2d 409 (2000), the insured filed suit against the tort-feasor within the 4-year statute of limitations for actions in tort, therefore complying with § 44-6413(1)(e). For this reason, we held in each case that the limits imposed by § 44-6413(1)(e) did not apply, and we analyzed the suits against the insurers for underinsured motorist benefits under the auspices of the 5-year statute of limitations for actions upon written contracts.

Conversely, in the present case, although Dworak filed suit against Smith within the applicable 4-year statute of limitations, this suit was eventually dismissed for failure to serve summons upon Smith. Neb. Rev. Stat. § 25-217 (Reissue 1995) requires that all actions shall be dismissed without prejudice as to any defendant not served within 6 months from the date the petition was filed. Dworak's original lawsuit was dismissed in accordance with the case progression standards of the district court. However, the effect of a dismissal without prejudice is the same as if the case had been dismissed pursuant to § 25-217.

In *Vopalka v. Abraham*, 260 Neb. 737, 619 N.W.2d 594 (2000), we discussed the effect of dismissing an unserved petition without prejudice pursuant to § 25-217. We stated:

> The inference from the entire expression "shall stand dismissed without prejudice" is twofold: (1) that the dismissal of the action is mandatory and automatic in nature and (2) that notwithstanding the dismissed status of the action, the character of the dismissal is "without prejudice" and *the action may therefore be refiled if not otherwise barred, such as by the statute of limitations.*

(Emphasis supplied.) *Vopalka v. Abraham*, 260 Neb. at 745, 619 N.W.2d at 600. As such, a dismissal without prejudice means that another petition may be filed against the same parties upon the same facts as long as it is filed within the applicable statute of limitations. Dworak's filing of the suit against Smith and its subsequent dismissal without prejudice did not toll the underlying 4-year statute of limitations. Unlike *Schrader* and *Snyder*, Dworak did not prevent the expiration of the 4-year statute of limitations. Therefore, § 44-6413(1)(e) is applicable to the case at bar.

Dworak's arguments fail to take into account the purpose of § 44-6413(1)(e) and the reason for its enactment. The statute serves as a prerequisite to an insured's suit against the insurer for uninsured or underinsured motorist coverage. The purpose underlying § 44-6413(1)(e) is the protection of the insurer under circumstances where it may have to pay uninsured or underinsured motorist benefits. The statute makes it the responsibility of the insured to preserve the cause of action against the tort-feasor in order to protect the insurer's rights against the tort-feasor. Because the statute of limitations on Dworak's cause of action against Smith expired prior to filing the suit against Dworak's insurer, she failed to comply with § 44-6413(1)(e).

Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Blue Cross and Blue Shield v. Dailey*, 268 Neb. 733, 687 N.W.2d 689 (2004). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

Even when viewing the evidence in a light most favorable to Dworak, we conclude that the district court properly sustained Farmers Insurance's motion for summary judgment. Section 44-6413(1)(e) applies to this case and bars Dworak's claim pursuant to the Uninsured and Underinsured Motorist Insurance Coverage Act. The district court properly concluded that this case presents no genuine issue as to any material fact and that Farmers Insurance is entitled to judgment as a matter of law.

Dworak argues that the decision of the district court leaves open the possibility for an insured to be placed in a "legal trap and dilemma." See brief for appellant at 18. However, any potential "trap" or "dilemma" may be avoided through compliance with § 44-6413(1)(e). If Dworak had complied with § 44-6413(1)(e) by timely filing her initial suit and serving summons upon Smith, she would have preserved her cause of action against Farmers Insurance for underinsured motorist benefits.

## CONCLUSION

For the reasons stated above, the order of the district court granting summary judgment in favor of Farmers Insurance is affirmed.

AFFIRMED.