CONNIE REIMERS-HILD, APPELLANT, V.
STATE OF NEBRASKA ET AL., APPELLEES.
741 N.W.2d 155

Filed November 9, 2007.    No. S-06-203.

Clarence E. Mock III and Denise E. Frost, of Johnson & Mock, for appellant.

Ralph A. Froehlich, Jay L. Welch, and Adam R. White, Senior Certified Law Student, of Locher, Pavelka, Dostal, Braddy & Hammes, L.L.C., for appellees.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, MCCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

The coverage required by Nebraska's Uninsured and Underinsured Motorist Insurance Coverage Act[1] does not apply to "[b]odily injury, sickness, disease, or death of the insured with respect to which the applicable statute of limitations has expired on the insured's claim against the uninsured or underinsured motorist."[2] The question presented in this case is whether a statute of limitations can be said to "expire" if the insured settles his or her claim against the alleged tort-feasor within the statutory limitations period, but does not file a complaint against the tort-feasor within the applicable statute of limitations.

## BACKGROUND

Connie Reimers-Hild was a graduate student at the University of Nebraska (University), and employed by the University as a graduate research assistant. She was a passenger in a University vehicle when she was injured in a collision with Michael Johns on June 8, 1999. Reimers-Hild's injuries arose out of and in the course of her employment,[3] and the State of Nebraska paid workers' compensation benefits for Reimers-Hild. The State is self-insured pursuant to the Nebraska Workers' Compensation Act,[4] and Sedgwick Claims Management Services, Inc. (Sedgwick), is the State's third-party claims administrator for workers' compensation claims.

The State had obtained an "All Lines Aggregate Insurance Policy," issued by Northland Insurance Company (Northland), that was in effect at the time of the accident. The Northland policy provided uninsured and underinsured motorist coverage in the amount of $50,000 for each person, but the policy also contained a self-insured retention of $300,000 for each loss under that section of the policy. As a result, the State was solely responsible for, and Northland had no obligation under the policy to pay, any claim made against the uninsured and underinsured motorist coverage of the policy. Sedgwick was

---

[1] Neb. Rev. Stat. §§ 44-6401 to 44-6414 (Reissue 2004).

[2] § 44-6413(1)(e).

[3] See Neb. Rev. Stat. § 48-101 et seq. (Reissue 2004 & Cum. Supp. 2006).

[4] *Id.*

also the third-party claims administrator for claims made on the Northland policy.

Guide One Insurance Company (Guide One) was Johns' motor vehicle liability insurer. Guide One settled Reimers-Hild's claim against Johns, for the policy limit of $25,000, before June 8, 2003, when the 4-year statute of limitations would have expired on that claim.[5] As part of the settlement, Reimers-Hild executed a "Release of All Claims" in which she accepted the $25,000 as consideration for "the final release and discharge" of her claim against Johns. Reimers-Hild never filed suit against Johns. The State, through Sedgwick, was notified of and expressly consented to the settlement, and Guide One paid $12,271.62 to Sedgwick to satisfy the State's workers' compensation lien.

After settling her claim with Johns, Reimers-Hild demanded payment from the State, through Sedgwick, under the State's underinsured motorist coverage. Sedgwick denied the claim on November 3, 2003. Reimers-Hild did not file a claim with the State Claims Board, or any other State agency. Instead, on December 12, she filed a complaint in the district court against the State and the University. An amended complaint, filed July 15, 2004, added Northland as a defendant. The defendants' answer alleged, as an affirmative defense, that Reimers-Hild's claim for underinsured motorist benefits was barred because the underlying tort claim had "expired" within the meaning of § 44-6413(1)(e).

The defendants moved for a separate trial on whether Reimers-Hild's claim was barred by the statute of limitations,[6] which motion the district court granted. Pursuant to the parties' pretrial memoranda, the court's pretrial order specified that the sole issue at trial was to be whether Reimers-Hild's claim for underinsured motorist coverage was timely filed. A trial was had on a stipulated record. The court determined that the case "is governed by Section 44-6413(1)(e)" and that "[b]ecause Reimers-Hild failed to commence an action against Johns within four years, her action here is barred." The court entered judgment against Reimers-Hild, and she appeals.

[5] See Neb. Rev. Stat. § 25-207 (Reissue 1995).

[6] See Neb. Rev. Stat. § 25-221 (Cum. Supp. 2006).

## ASSIGNMENT OF ERROR

Reimers-Hild assigns, consolidated and restated, that the district court erred in finding that her claim was barred by § 44-6413(1)(e).

## STANDARD OF REVIEW

■ The meaning of a statute is a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court.[7]

## ANALYSIS

■ Section 44-6413(1)(e) bars as untimely an insured's claim for uninsured or underinsured motorist benefits when the statute of limitations on the underlying claim against the uninsured or underinsured motorist has "expired."[8] The purpose underlying § 44-6413(1)(e) is the protection of the insurer when it may have to pay uninsured or underinsured motorist benefits.[9] The statute makes it the responsibility of the insured to preserve the claim against the tort-feasor in order to protect the insurer's rights against the tort-feasor.[10]

But the insured can prevent the statute of limitations from "expiring" against the underlying tort-feasor by filing a timely complaint against the tort-feasor. In *Schrader v. Farmers Mut. Ins. Co.*,[11] an insured who had been injured in an automobile accident brought suit against the tort-feasor within the 4-year statute of limitations applicable to that claim, and then settled the claim. The insured sought underinsured motorist benefits from his insurer, and when they were unable to reach an agreement, the insured filed a complaint against the insurer in the district court.

■ The insurer in *Schrader* raised a statute of limitations defense pursuant to § 44-6413(1)(e), because the insured's

---

[7] *Zach v. Nebraska State Patrol*, 273 Neb. 1, 727 N.W.2d 206 (2007).

[8] *Schrader v. Farmers Mut. Ins. Co.*, 259 Neb. 87, 608 N.W.2d 194 (2000).

[9] *Dworak v. Farmers Ins. Exch.*, 269 Neb. 386, 693 N.W.2d 522 (2005).

[10] See *id.*

[11] *Schrader, supra* note 8.

complaint against the insurer had not been filed within 4 years of the accident. The district court agreed and entered judgment against the insured. We reversed the judgment, explaining that § 44-6413(1)(e) "does not apply if an insured timely files a claim against an uninsured or underinsured motorist because the statute of limitations on the insured's claim against the uninsured or underinsured motorist never expired" within the meaning of § 44-6413(1)(e).[12]

The district court in this case reasoned that our decision in *Schrader* did not apply to Reimers-Hild, because she had not filed a complaint against the alleged tort-feasor. But we believe this to be a distinction without a difference. Reimers-Hild's settlement with Johns extinguished her claim against him, and the statute of limitations applicable to that claim never "expired."

We base that conclusion on the purpose of § 44-6413(1)(e), the plain meaning of the statute, and our case law explaining the statute's function. As previously noted, the purpose of § 44-6413(1)(e) is to protect the insurer's right to pursue a claim against the tort-feasor by making it the insured's responsibility to preserve the claim. More specifically, the statute operates to disallow a claim for uninsured or underinsured motorist coverage where the insured has allowed the underlying tort claim to become barred by not settling *or* bringing suit within the period of limitations.[13] Such a provision is unnecessary when the underlying tort claim has been settled, whether or not the insured files suit against the tort-feasor before settling. Whether the insurer's interests have been adequately preserved by the settlement is a subject addressed by other provisions of the Uninsured and Underinsured Motorist Insurance Coverage Act.[14]

■ That understanding of § 44-6413 is reflected in the Legislature's use of the word "expired" to describe the statute of limitations for a claim that is time barred. The word "expire," as a legal term, is generally understood to refer to a

[12] See *id.* at 92, 608 N.W.2d at 198.

[13] Cf. *Hamm v. Allied Mut. Ins. Co.*, 612 N.W.2d 775 (Iowa 2000).

[14] See, e.g., §§ 44-6412 and 44-6413(1)(a).

natural conclusion brought about by the passage of time, not a premature termination effected by some other cause.[15] This is consistent with our decision in *Schrader*, in which the statute of limitations on the underlying tort claim did not "expire," because it was prematurely terminated by suit and settlement. The settlement in this case, although not preceded by a lawsuit, also prevented the statute of limitations on the underlying tort claim from expiring due to passage of time, because the settlement (with the express consent of the State) extinguished the claim against Johns prior to the running of the statute of limitations.

■ It would be a needless formality, and a waste of judicial resources, to require an insured to file a complaint against an uninsured or underinsured motorist where a settlement agreement has already been reached, and § 44-6413(1)(e) does not require such an action.[16] Instead, we hold that § 44-6413(1)(e) does not apply when an insured has settled his or her claim against an uninsured or underinsured motorist before the statute of limitations applicable to that claim would have expired. The district court erred in concluding otherwise.

■ We note, before concluding, what is not at issue in this appeal. The record, particularly the pleadings and pretrial order, establishes that the only issue presented to the district court and decided in this proceeding was whether § 44-6413(1)(e) barred Reimers-Hild's claim against the defendants. And it is well established that an appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court.[17]

The defendants, however, have raised two issues in their appellate brief that they did not raise in the trial court. First,

---

[15] See, e.g., *In re Morgan*, 181 B.R. 579 (N.D. Ala. 1994); *Mackey v. Bristol West Ins. Services*, 105 Cal. App. 4th 1247, 130 Cal. Rptr. 2d 536 (2003); *Munford Union Bank v. American Ambassador*, 15 S.W.3d 448 (Tenn. App. 1999); *Waynesville Security Bank v. Stuyvesant Ins. Co.*, 499 S.W.2d 218 (Mo. App. 1973).

[16] Cf. *Jones v. Sanger*, 204 W. Va. 333, 512 S.E.2d 590 (1998).

[17] *Coral Prod. Corp. v. Central Resources*, 273 Neb. 379, 730 N.W.2d 357 (2007).

the defendants argue that Reimers-Hild's action is against the State and is barred by sovereign immunity. We recognize that sovereign immunity implicates a jurisdictional issue[18] that may be raised at any time by any party.[19] But the record before us was created by stipulation, and the parties at the time of that stipulation apparently did not contemplate the argument the defendants have asserted on appeal. We do not know what arguments might have been made below, or what evidence might have been adduced, had the State raised a sovereign immunity defense in the district court. For that reason, we do not consider the defendants' sovereign immunity argument.

The defendants also claim that the form of notice Reimers-Hild gave Sedgwick, of the proposed settlement with Johns, was insufficient. Again, this was not raised below, and we do not consider it on appeal. Nor do we consider what statute of limitations would apply to Reimers-Hild's claim for underinsured motorist benefits, or whether there are other statutory barriers to that claim. The sole question argued below and properly before us now is whether § 44-6413(1)(e) operated to bar the claim, and we have answered that question.

## CONCLUSION

Because Reimers-Hild settled her claim against Johns, the statute of limitations on that claim did not expire, and § 44-6413(1)(e) does not apply to her claim for underinsured motorist benefits. The judgment of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

STEPHAN, J., not participating.

---

[18] See *Northwall v. State*, 263 Neb. 1, 637 N.W.2d 890 (2002).

[19] See *Betterman v. Department of Motor Vehicles*, 273 Neb. 178, 728 N.W.2d 570 (2007).