Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/24/2018 09:09 AM CDT

Rachel Eadie and Jeffrey Blount, individually
and as parents and natural guardians of their
minor children, Jaden and Zarah, appellants,
v. Leise Properties, LLC, and Certified
Properties Management, Inc., appellees.

___ N.W.2d ___

Filed June 1, 2018.    No. S-17-646.

1. **Motions to Dismiss: Appeal and Error.** An appellate court reviews a
district court's order granting a motion to dismiss de novo, accepting
the allegations in the complaint as true and drawing all reasonable infer-
ences in favor of the nonmoving party.
2. **Negligence.** The question whether a legal duty exists for actionable
negligence is a question of law dependent on the facts in a particular
situation.
3. **Judgments: Appeal and Error.** When reviewing questions of law, an
appellate court has an obligation to resolve the questions independently
of the conclusion reached by the trial court.
4. **Pleadings: Appeal and Error.** An appellate court reviews a district
court's denial of a motion for leave to amend a complaint for an abuse
of discretion. However, an appellate court reviews de novo an underly-
ing legal conclusion that the proposed amendments would be futile.
5. **Actions: Pleadings: Notice.** Civil actions are controlled by a liberal
pleading regime; a party is only required to set forth a short and plain
statement of the claim showing that the pleader is entitled to relief and
is not required to plead legal theories or cite appropriate statutes so long
as the pleading gives fair notice of the claims asserted.
6. **Motions to Dismiss: Pleadings.** To prevail against a motion to dis-
miss for failure to state a claim, a plaintiff must allege sufficient facts,
accepted as true, to state a claim to relief that is plausible on its face.
In cases in which a plaintiff does not or cannot allege specific facts
showing a necessary element, the factual allegations, taken as true, are
nonetheless plausible if they suggest the existence of the element and

raise a reasonable expectation that discovery will reveal evidence of the element or claim.

7. **Negligence: Damages: Proximate Cause.** In order to prevail in a negligence action, a plaintiff must establish the defendant's duty to protect the plaintiff from injury, a failure to discharge that duty, and damages proximately caused by the failure to discharge that duty.

8. **Negligence.** The threshold issue in any negligence action is whether the defendant owes a legal duty to the plaintiff.

9. **Pleadings.** A district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated.

10. **Motions to Dismiss: Limitations of Actions.** A dismissal without prejudice means that another petition may be filed against the same parties upon the same facts as long as it is filed within the applicable statute of limitations.

11. **Motions to Dismiss: Claim Preclusion.** A dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and claim preclusion bars further litigation.

12. **Motions to Dismiss: Pleadings.** As a general rule, when a court grants a motion to dismiss for failure to state a claim, a party should be given leave to amend absent undue delay, bad faith, unfair prejudice, or futility.

13. **Appeal and Error.** An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the controversy before it.

Appeal from the District Court for Douglas County: THOMAS A. OTEPKA, Judge. Reversed and remanded with direction.

James Martin Davis, of Davis Law Office, for appellants.

Stephen G. Olson II, Robert S. Keith, and Kristina J. Kamler, of Engles, Ketcham, Olson & Keith, P.C., for appellee Leise Properties, LLC.

Patrick S. Cooper, David J. Stubstad, and Brandon J. Crainer, of Fraser Stryker, P.C., L.L.O., for appellee Certified Property Management, Inc.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, and STACY, JJ., and LUTHER and O'GORMAN, District Judges.

Per Curiam.

## INTRODUCTION

A natural gas explosion at a rental house injured the next-door neighbors and destroyed the neighbors' house, and they sued based upon a negligence theory. Less than 5 months after the action commenced, without providing a postresponse opportunity to amend and based upon a no-duty-owed conclusion, the district court dismissed the neighbors' amended complaint with prejudice. Because amendment to state a claim was plausible, the district court abused its discretion in dismissing the complaint with prejudice. We reverse, and remand with direction.

## BACKGROUND

The rental house next door to the house where Rachel Eadie and Jeffrey Blount and their children (collectively the neighbors) resided blew up on July 25, 2016. The neighbors sued the rental house's landowner, Leise Properties, LLC, and its property manager, Certified Property Management, Inc. The suit was filed on December 15, 2016. On January 27, 2017, before any response was filed, the neighbors filed an amended complaint, which we summarize.

### Amended Complaint

The amended complaint was not a model of clarity, particularly regarding the allegations of negligence. But some of the basic allegations were clear. The rental house that blew up was located at 3858 North 68th Street in Omaha, Nebraska. The neighbors' address was 3862 North 65th Street, contiguous to the rental house property. The neighbors' house was destroyed, and they suffered personal injuries in the explosion.

Sometime prior to the date of the explosion, the landowner and its property manager had evicted tenants from the rental house. The evicted tenants removed items from the rental house, including a gas clothes dryer that did not belong to the tenants. The tenants allegedly removed the dryer without properly terminating and blocking the gas connection, and natural

gas was allowed to seep into and fill the rental house. On July 25, 2016, when an agent of the property manager entered the rental house, the gas ignited and the rental house exploded. The force of the explosion destroyed the neighbors' house and caused personal injuries to the neighbors.

Regarding duty, the amended complaint alleged that the landowner delegated to the property manager "duties . . . of reasonable care." The amended complaint stated that the evicted tenants were "permitted to remove property and to disconnect the gas dryer without permission to do so without proper supervision and due diligence and care by failing to monitor, observe, and to prevent the gas leakage." Later, the complaint stated that the landowner and its property manager "acted in reckless disregard for the safety of neighbors . . . by failing to properly monitor the actions of the tenants who were permitted to re-enter the . . . rental home after eviction and to cause gas to escape." It also stated that the "seepage of gas is one duty that the [landowner and property manager] evaded and permitted to occur." The complaint next alleged a duty to "properly maintain and pursue safe habitation of the home that exploded." Finally, it alleged negligence in "permitt[ing] the ingredients of a dangerous and explosive gas to accumulate within the property."

## MOTIONS TO DISMISS

The property manager filed a motion to dismiss the amended complaint for failure to state a claim.[1] Three days later, on February 13, 2017, the landowner filed a similar motion. The motions were heard on May 5.

## DISTRICT COURT'S ORDER

On May 11, 2017, the district court dismissed the amended complaint with prejudice. The court first disposed of the complaint's allusion to res ipsa loqitur, which is not contested on appeal.

---

[1] See Neb. Ct. R. Pldg. § 6-1112(b)(6).

The district court then examined the "proper standard of care regarding negligent supervision and monitoring" and summarized the duty as "whether the defendant acted as a reasonably prudent person would in a similar circumstance." The court concluded that the amended complaint failed to allege a "recognized legal duty." The court opined that there was "no recognized legal duty of a landlord to supervise a tenant's move-out in order to ensure that a third party is not harmed by the actions of the tenant." The court also found no duty to control the conduct of a third person as to prevent him or her from causing physical harm to another in the absence of a special relationship.

The court analyzed two cases cited by the neighbors, one involving the use of dynamite by a construction company to remove a tree a few feet away from the plaintiff's property[2] and one against a gas distribution company regarding an employee who filled an underground tank to supply a restaurant without first inspecting the condition of the equipment receiving the gas.[3] Contrasting the defendants' respective activities in those cases with the landowner's and property manager's engagement in the "real estate and property management business," the court found no duty to "supervise a tenant's move-out to ensure the safety of third parties." Without discussing whether amendment to state a plausible claim was possible or likely, the court dismissed the amended complaint with prejudice.

POSTORDER ATTEMPT TO AMEND

The neighbors filed a motion to vacate the order of dismissal with prejudice. They also filed a motion for leave to amend, together with the proposed second amended complaint. On May 30, 2017, both motions were overruled.

---

[2] See *Wendt v. Yant Construction Co.*, 125 Neb. 277, 249 N.W. 599 (1933).

[3] See *Clay v. Butane Gas Corporation*, 151 Neb. 876, 39 N.W.2d 813 (1949).

Represented by new counsel, the neighbors brought this timely appeal.

## ASSIGNMENTS OF ERROR

The neighbors make two assignments of error, which we have restated into three components. They assign error to (1) the district court's ruling that the amended complaint failed to identify a legal duty, (2) the dismissal with prejudice, and (3) the failure to grant the postdismissal motion to file a second amended complaint.

## STANDARD OF REVIEW

[1] An appellate court reviews a district court's order granting a motion to dismiss de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.[4]

[2,3] The question whether a legal duty exists for actionable negligence is a question of law dependent on the facts in a particular situation.[5] When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court.[6]

[4] An appellate court reviews a district court's denial of a motion for leave to amend a complaint for an abuse of discretion. However, an appellate court reviews de novo an underlying legal conclusion that the proposed amendments would be futile.[7]

---

[4] See *Nimmer v. Giga Entertainment Media*, 298 Neb. 630, 905 N.W.2d 523 (2018).

[5] *Bell v. Grow With Me Childcare & Preschool*, 299 Neb. 136, 907 N.W.2d 705 (2018).

[6] *Id.*

[7] *Estermann v. Bose*, 296 Neb. 228, 892 N.W.2d 857 (2017).

## ANALYSIS

### Basic Civil Pleading Principles

[5] Nebraska is a notice pleading jurisdiction. Civil actions are controlled by a liberal pleading regime; a party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief and is not required to plead legal theories or cite appropriate statutes so long as the pleading gives fair notice of the claims asserted.[8] The rationale for this liberal notice pleading standard in civil actions is that when a party has a valid claim, he or she should recover on it regardless of a failure to perceive the true basis of the claim at the pleading stage.[9]

[6] To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face.[10] Here, we accept the allegations of the amended complaint as true and draw all reasonable inferences in favor of the neighbors. In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim.[11]

[7,8] In order to prevail in a negligence action, a plaintiff must establish the defendant's duty to protect the plaintiff from injury, a failure to discharge that duty, and damages proximately caused by the failure to discharge that duty.[12]

---

[8] *Rodriguez v. Catholic Health Initiatives*, 297 Neb. 1, 899 N.W.2d 227 (2017).

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Bell v. Grow With Me Childcare & Preschool, supra* note 5.

The threshold issue in any negligence action is whether the defendant owes a legal duty to the plaintiff.[13]

## LANDOWNER'S DUTY TO PERSONS OUTSIDE THE LAND

Unaided by the parties, the district court overlooked our jurisprudence regarding liability imposed upon possessors of land for physical harm to others outside the land under certain circumstances. Prior to our adoption of the duty analysis in § 7 of the Restatement (Third) of Torts in 2010,[14] we had recognized such liability of landowners.

For example, in *Brown v. Nebraska P.P. Dist.*,[15] we adopted § 371 of the Restatement (Second) of Torts.[16] In *Brown*, smoke obstruction from burning weeds was alleged to have caused driving hazards on a nearby public highway. We assumed duty and concluded that issues of fact remained as to whether the defendant failed to exercise reasonable care to prevent injury to travelers on the highway and whether the negligence was a proximate cause of the injury.[17]

We have not yet adopted § 54(a) of the Restatement (Third) of Torts,[18] which would impose upon a possessor of land a duty of reasonable care for artificial conditions or conduct on the land that poses a risk of physical harm to persons or property not on the land.

It is not necessary to do so here. We are not presented with a developed record. The pleadings here were not well articulated.

---

[13] *Id.*

[14] See, *A.W. v. Lancaster Cty. Sch. Dist. 0001*, 280 Neb. 205, 784 N.W.2d 907 (2010); 1 Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 7 (2010).

[15] *Brown v. Nebraska P.P. Dist.*, 209 Neb. 61, 306 N.W.2d 167 (1981).

[16] Restatement (Second) of Torts § 371 (1965).

[17] *Id.*

[18] 2 Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 54(a) (2012).

The critical question is whether the district court should have dismissed the complaint with prejudice, thereby effectively denying leave to amend. Because the answer to that question is sufficient to resolve the appeal, we need not delineate with precision the duties owed by possessors of land.

## Dismissal With Prejudice

[9] The neighbors argue that because they should have been permitted to amend their complaint, the district court erred in dismissing the action with prejudice. We agree. The district court did not explain why it was dismissing the complaint with prejudice. A district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated.[19] The record would not support a finding of undue delay, bad faith, or unfair prejudice. As we read the judge's order, it appears that the court thought amendment would be futile.

[10,11] In this case, the district court dismissed the neighbors' amended complaint with prejudice. A dismissal without prejudice means that another petition may be filed against the same parties upon the same facts as long as it is filed within the applicable statute of limitations.[20] In comparison, "'a dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and [claim preclusion bars] further litigation.'"[21] Here, the dismissal with prejudice would preclude the neighbors from filing a second suit with the same claims in a Nebraska court.

[12] If a plaintiff has moved for leave to amend before the court rules on a motion to dismiss, the court must first consider

---

[19] *Estermann v. Bose, supra* note 7.

[20] See *Dworak v. Farmers Ins. Exch.*, 269 Neb. 386, 693 N.W.2d 522 (2005).

[21] *RFD-TV v. WildOpenWest Finance*, 288 Neb. 318, 329, 849 N.W.2d 107, 116 (2014) (quoting *Jaramillo v. Burkhart*, 59 F.3d 78 (8th Cir. 1995)).

and rule upon the pending motion to amend.[22] We have hinted that the same rule should apply where the plaintiff did not move for leave.[23] As a general rule, when a court grants a motion to dismiss for failure to state a claim, a party should be given leave to amend absent undue delay, bad faith, unfair prejudice, or futility. Granting leave to amend is consistent with the rationale for the liberal pleading standard in civil cases discussed above.[24] And it is consistent with the practice in Nebraska prior to the adoption of the Nebraska Court Rules of Pleading in Civil Cases.[25] But leave should not be granted when it is clear that the defect cannot be cured by amendment.[26] Here, that would only be the case if amendment would be futile.

As we have already explained, the district court (and the parties, apparently) did not consider whether a duty to the neighbors could be found in the pertinent law governing the liability imposed upon possessors of land for physical harm to others outside the land under certain circumstances. Upon our de novo review of that question, we cannot say that amendment would be futile. Thus, we conclude that the district court abused its discretion in dismissing the amended complaint with prejudice.

## OTHER ASSIGNMENTS

[13] We do not reach the neighbors' other assignments of error. An appellate court is not obligated to engage in an

---

[22] See *Gonzalez v. Union Pacific RR. Co.*, 282 Neb. 47, 803 N.W.2d 424 (2011).

[23] See *Spear T Ranch v. Knaub*, 269 Neb. 177, 691 N.W.2d 116 (2005).

[24] See, John P. Lenich, Nebraska Civil Procedure § 15:5 (2018); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004 & Supp. 2017).

[25] See Lenich, *supra* note 24.

[26] See *Kocontes v. McQuaid*, 279 Neb. 335, 778 N.W.2d 410 (2010).

analysis which is not needed to adjudicate the controversy before it.[27]

## CONCLUSION

The district court did not consider the pertinent law governing liability imposed upon possessors of land for physical harm to others outside the land under certain circumstances. Thus, when the court apparently determined that amendment of the complaint would be futile, it overlooked a potential source of duty to the neighbors. Upon de novo review, we cannot say that amendment would have been futile. Thus, we conclude the district court abused its discretion in dismissing the neighbors' complaint with prejudice. We reverse the dismissal with prejudice, and remand the cause with direction to grant the neighbors leave to amend their complaint.

Reversed and remanded with direction.

Funke, J., participating on briefs.

Wright, J., not participating.

---

[27] *Thompson v. Johnson*, 299 Neb. 819, 910 N.W.2d 800 (2018).