Reid Beveridge, appellant, v. John Savage
and Jill Savage, appellees.
___ N.W.2d ___

Filed May 24, 2013.    No. S-12-1007.

1. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower
   court's grant of summary judgment if the pleadings and admitted evidence show
   that there is no genuine issue as to any material facts or as to the ultimate infer-
   ences that may be drawn from the facts and that the moving party is entitled to
   judgment as a matter of law.
2. **Contracts.** Contract interpretation presents a question of law.
3. **Judgments: Appeal and Error.** An appellate court independently reviews ques-
   tions of law decided by a lower court.
4. **Contracts: Insurance: Subrogation: Presumptions: Landlord and Tenant:
   Negligence.** Absent an agreement to the contrary, the law presumes that a tenant
   is coinsured under a landlord's fire insurance policy and that, therefore, a land-
   lord's insurer cannot maintain a subrogation action against a tenant for damage to
   the insured property that is caused by the tenant's negligence.
5. **Contracts: Insurance: Landlord and Tenant.** When fire insurance is provided
   for a dwelling, it protects the insurable interests of all joint owners, including
   the possessory interests of a tenant absent an express agreement by the latter to
   the contrary.
6. **Contracts: Words and Phrases.** A contract is ambiguous when a word, phrase,
   or provision in the contract has, or is susceptible of, at least two reasonable but
   conflicting interpretations or meanings.
7. **Contracts.** Ambiguous contracts are construed against the drafter.

Appeal from the District Court for Cass County: Randall L.
Rehmeier, Judge. Affirmed.

Christopher A. Sievers and Joseph F. Gross, Jr., of
Timmermier, Gross & Prentiss, for appellant.

T. Cody Farrens and Douglas Phillips, of Klass Law Firm,
L.L.P., for appellees.

Heavican, C.J., Wright, Connolly, Stephan, McCormack,
Miller-Lerman, and Cassel, JJ.

Wright, J.
NATURE OF CASE
This case presents the question whether the terms of a
lease between a landlord and tenant permit an action by the

landlord's insurer against the tenant for fire damages allegedly caused by the tenant's negligence.

Reid Beveridge, a landlord, and John Savage, a tenant, signed a lease agreement for a rental property that required him to obtain a "liability and renter[']s insurance [policy] ($100,000) at Tenant's expense." The house was damaged by fire caused by a child using a lighter. Beveridge's insurer paid for the loss.

This subrogation action was brought against John Savage and Jill Savage in Beveridge's name. The district court concluded the Savages were coinsureds under Beveridge's fire insurance policy and that neither Beveridge nor the insurer could bring a subrogation action against the Savages. It dismissed the action, and Beveridge appeals. We affirm.

## SCOPE OF REVIEW

[1] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Swift v. Norwest Bank-Omaha West, ante* p. 619, ___ N.W.2d ___ (2013).

[2,3] Contract interpretation presents a question of law. *Blakely v. Lancaster County*, 284 Neb. 659, 825 N.W.2d 149 (2012). We independently review questions of law decided by a lower court. *Id.*

## FACTS

Beveridge owned a house in Plattsmouth, Nebraska. Beveridge and John Savage executed a residential lease for the property. The lease provided:

> [5.]a. Tenant agrees to promptly repair at Tenant's expense any damage to the property which may occur by reason of his/her negligence . . . .
>
> b. Specifically, but not by the way of limitation damage caused by failure to properly operate or monitor the operation of heating and/or air conditioning system and appliance is the responsibility of the Tenant.

6. Tenant is responsible to maintain the entire property . . . . The Tenant will pay the first fifty dollars ($50.00) of all repairs. The maximum amount that may be charged to the tenant during one anniversary year is <u>$200.00</u> unless the repairs were needed due to Tenant negligence. . . .

. . . .

13. The Tenant shall provide a liability and renter[']s insurance [policy] ($100,000) at Tenant's expense.

(Emphasis in original.) The Savages obtained a renter's protection policy of insurance. Beveridge was insured by a separate policy on the property.

The Savages lived in the house with Jill Savage's 6-year-old son. While left unattended in the basement, the child used a lighter to set a couch on fire, which caused significant damage to the house. Beveridge's insurer paid $161,545.01 to cover the full cost of reconstruction, plus $7,824.18 for lost rent. This subrogation action was brought against the Savages in Beveridge's name.

Both parties moved for summary judgment. In entering summary judgment in favor of the Savages, the district court relied upon *Tri-Par Investments v. Sousa*, 268 Neb. 119, 680 N.W.2d 190 (2004). The court concluded that the lease provision requiring the tenant to obtain $100,000 in liability and renter's insurance did not permit Beveridge or his insurer to bring a subrogation action against the Savages. It concluded that the Savages were coinsureds under Beveridge's fire insurance policy and that the insurer could not subrogate against its coinsureds. The court sustained the Savages' motion for summary judgment and dismissed the action.

Beveridge moved to alter or amend the judgment, the district court overruled the motion, and Beveridge appealed. Pursuant to statutory authority, we moved the case to our docket. See Neb. Rev. Stat. § 24-1106 (Reissue 2008).

## ASSIGNMENT OF ERROR

Beveridge assigns, restated and summarized, that the district court erred in granting the Savages' motion for summary judgment, because the court incorrectly concluded the lease did not

contain an express provision allowing the landlord's insurer to bring a subrogation action against the tenant.

## ANALYSIS

The issue is whether the terms of the lease expressly rebut the presumption that the landlord and tenant are coinsureds under the landlord's fire insurance policy.

Beveridge claims that John Savage agreed to be held responsible for damages caused by negligence and expressly agreed to purchase insurance to protect against "those perils." See brief for appellant at 8. He asserts that the language of the lease stating that "[t]he Tenant shall provide a liability and renter[']s insurance [policy] ($100,000) at Tenant's expense" required Savage to purchase insurance for fire and other perils.

He claims that paragraphs 5, 6, and 13 of the lease agreement dispense with any uncertainty by specifically outlining that the tenant is responsible for damage caused by the tenant's negligence. And more important, the lease requires the tenant to purchase separate insurance. Because the tenant was required to obtain separate insurance, Beveridge claims the tenant is not a coinsured under his policy.

The Savages assert that whether a right of subrogation exists turns on whether the lease contains "an 'express agreement' transferring the risk of loss in the event of a fire to the Tenants." See brief for appellees at 3. They claim the lease does not meet this requirement because it does not specifically mention or address a right of subrogation. They argue that the lease does not contain an express agreement transferring the risk of loss to the tenant in the event of a fire.

Our decision in *Tri-Par Investments v. Sousa*, 268 Neb. 119, 680 N.W.2d 190 (2004), is controlling. In *Tri-Par Investments*, the landlord's insurer brought a subrogation action against the tenant for negligence and breach of lease, seeking to recover for damages caused by fire and loss of rent. At the time of the fire, Colette Sousa was renting a house from Tri-Par Investments, L.L.C. (Tri-Par), which maintained a homeowner's policy of insurance on the house. Its insurer paid for most

of the fire damage to the home and, thereafter, initiated a subrogation action in the name of Tri-Par against Sousa. The petition alleged that Sousa was negligent in failing to supervise several minor children and prevent one of the minor children from playing with or using matches or a lighter. It also alleged that Sousa breached the lease by failing to pay for or repair the fire damage and by failing to take care of the buildings and premises and keep them safe from danger of fire. The district court determined that for subrogation purposes, Sousa and Tri-Par were coinsureds, and because an insurer has no subrogation rights against its own insured, the court granted Sousa's motion for summary judgment to the extent of the insurer's claim for subrogation.

[4,5] In affirming the district court's order, we formally adopted the rule from *Sutton v. Jondahl*, 532 P.2d 478 (Okla. App. 1975): "[A]bsent an agreement to the contrary, the law presumes that a tenant is coinsured under a landlord's fire insurance policy and that therefore, a landlord's insurer cannot maintain a subrogation action against a tenant for damage to the insured property that is caused by the tenant's negligence." *Tri-Par Investments*, 268 Neb. at 124, 680 N.W.2d at 195 (citing *Sutton, supra*). When fire insurance is provided for a dwelling, it protects the insurable interests of all joint owners, including the possessory interests of a tenant absent an express agreement by the latter to the contrary. *Tri-Par Investments, supra*; *Sutton, supra*.

We pointed out that the *Sutton* rule prevents landlords from engaging in gamesmanship when drafting leases by providing them the necessary incentive, if they so desire, to place express subrogation provisions in their leases. The lease required Sousa to repair all damages done to the premises or pay for the same, keep the buildings free from danger of fire, and return the property in a condition as good as it was when received. But there was no express provision in the lease that placed the tenants on notice that they must obtain insurance coverage for the realty if they wished to protect themselves from personal liability in the event they negligently started a fire. We held that Sousa and her landlord were implied

coinsureds for purposes of subrogation and that the landlord could not maintain a subrogation action against Sousa on behalf of the insurer.

If there is a clear provision in a lease requiring the tenants to obtain fire insurance for the realty, tenants will be on notice that they must obtain insurance coverage for the realty if they wish to protect themselves from personal liability in the event they negligently start a fire. See *Buckeye State Mut. Ins. Co. v. Humlicek*, 284 Neb. 463, 822 N.W.2d 351 (2012). On the other hand, if there is not such a provision in the lease, then tenants do not need to obtain separate insurance coverage and can rely on the fire insurance obtained by the landlord. *Id*.

With these principles set forth, we examine the lease in the case at bar to determine if it expressly provided that for purposes of fire insurance covering the premises, Beveridge and the Savages were not coinsureds under Beveridge's fire insurance policy. The interpretation of a lease is a question of law that we decide independently of the district court. See *Blakely v. Lancaster County*, 284 Neb. 659, 825 N.W.2d 149 (2012). To rebut the presumption, the lease must expressly require the tenant to obtain fire insurance on the realty.

[6,7] The lease required Savage to obtain a "liability and renter[']s insurance [policy] ($100,000) at Tenant's expense." "Liability insurance describes a wide variety of different insurance coverages." 1 Steven Plitt et al., Couch on Insurance 3d § 1:34 at 1-68 (2009). The lease does not state what "liability" is to be covered. Therefore, it is not clear as to the tenant's obligations and what liability the tenant is to insure. A contract is ambiguous when a word, phrase, or provision in the contract has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings. *Bedore v. Ranch Oil Co*., 282 Neb. 553, 805 N.W.2d 68 (2011). The requirement that the tenant obtain liability insurance is ambiguous as to whether the tenant is to obtain fire insurance or is a coinsured under the landlord's fire insurance policy. Ambiguous contracts are construed against the drafter. See *Brockley v. Lozier Corp*., 241 Neb. 449, 488 N.W.2d 556 (1992). Accordingly, the lease's requirement that the tenant obtain liability insurance is insufficient to

overcome the presumption that the tenant is a coinsured under the landlord's fire insurance policy.

The lease also required the tenant to obtain renter's insurance. "Renter's insurance is a 'contents' policy which covers tenant's possessions, such as furniture, appliances, personal belongings, and household goods." Aleatra P. Williams, *Insurers' Rights of Subrogation Against Tenants: The Begotten Union Between Equity and Her Beloved*, 55 Drake L. Rev. 541, 571 (2007). "However, renter's insurance does not typically cover the structure of the leased premises." *Id*. at 572.

The lease provision requiring the tenant to obtain renter's insurance did not require the tenant to insure the building against loss by fire. The lease's requirement that the tenant obtain renter's insurance is insufficient to overcome the presumption that a tenant is a coinsured under the landlord's fire insurance policy.

Finally, there is no lease provision stating that Beveridge or his insurer had a right of subrogation against the Savages for damages caused by fire as a result of negligence. There was no provision which gave the tenant notice that he must obtain insurance coverage for the realty in the event his negligence caused damage to the house by fire. Tenants reasonably expect that the owner of the building will provide fire insurance protection for the realty on both of their behalves. See *Buckeye State Mut*. *Ins*. *Co*. *v*. *Humlicek*, 284 Neb. 463, 822 N.W.2d 351 (2012).

In the case at bar, the provisions of the lease were insufficient to overcome the presumption that the Savages were coinsureds under Beveridge's fire insurance policy. Because the Savages were coinsureds, Beveridge and his insurer cannot bring a subrogation action against them.

An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Swift v. Norwest Bank-Omaha West, ante* p. 619, ___ N.W.2d ___ (2013). There is no issue of material fact, and the

Savages are entitled to judgment as a matter of law. There is no merit to any of Beveridge's assigned errors.

## CONCLUSION

Because the terms of the lease do not overcome the presumption that the tenant is coinsured under the landlord's fire insurance policy, Beveridge and his insurer cannot bring a subrogation action against the Savages. The district court did not err in sustaining the Savages' motion for summary judgment. We affirm the judgment of the district court.

AFFIRMED.