Marie Shada, appellant, v. Farmers
Insurance Exchange and ABC
Company, appellees.
___ N.W.2d ___

Filed August 9, 2013.    No. S-12-1155.

1. **Judgments: Appeal and Error.** An appellate court independently reviews questions of law decided by a lower court.
2. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law.
3. ____: ____. In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence.
4. **Actions: Insurance: Motor Vehicles: Breach of Contract.** An insured's cause of action on an insurance policy to recover underinsured motorist benefits accrues at the time of the insurer's breach or failure to do that which is required under the terms of the policy.
5. **Insurance: Motor Vehicles: Contracts: Tort-feasors.** Underinsured motorist coverage is a contract which indemnifies an insured when a tort-feasor's insurance coverage is inadequate.
6. **Limitations of Actions: Insurance: Motor Vehicles: Contracts.** Neb. Rev. Stat. § 25-205 (Reissue 2008), which provides for a 5-year statute of limitations on written contracts, applies in an insured's suit against its underinsured motorist coverage insurer when the insured has timely filed the underlying claim against the underinsured motorist.

Appeal from the District Court for Douglas County: Duane C. Dougherty, Judge. Reversed and remanded for further proceedings.

Martin A. Cannon, of Cannon Law Office, for appellant.

Daniel P. Chesire and Cathy S. Trent-Vilim, of Lamson, Dugan, & Murray, L.L.P., and, on brief, Kara S. Jermain, for appellee Farmers Insurance Exchange.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Miller-Lerman, J.

## NATURE OF CASE

On January 4, 2011, Marie Shada filed this action in the district court for Douglas County based on contract against Farmers Insurance Exchange (Farmers) and another entity, the latter of which is not relevant to this appeal, alleging that Farmers failed to pay "sums available" for underinsured motorist coverage under her insurance policy with Farmers. Shada admitted that she never made a formal demand on Farmers prior to filing suit. As affirmative defenses in its answer, Farmers alleged that Shada's action is barred by the statute of limitations or by laches. Farmers then filed a motion for summary judgment.

The district court concluded that the limitations period commenced when Shada settled with the underinsured driver in December 2001 and that Shada's claim was barred by the 5-year contract statute of limitations. Neb. Rev. Stat. § 25-205(1) (Reissue 2008). The district court entered an order granting Farmers' motion for summary judgment on this basis. Shada appeals. Because we conclude that the district court erred as a matter of law in its selection of the commencement for limitations purposes, we reverse, and remand for further proceedings.

## STATEMENT OF FACTS

On November 6, 1996, Shada was injured in an automobile accident with another driver, Timothy Hinze, who was insured by American Family Insurance. The accident was caused by the negligence of Hinze. At the time of the accident, Shada had an automobile insurance policy with Farmers, which included uninsured and underinsured motorist coverage. With Farmers' knowledge and consent, on December 28, 2001, Shada received a settlement from Hinze's insurer.

Shada filed this action based on contract on January 4, 2011. In her complaint, she alleged that her damages from the 1996 accident exceeded the coverage available from Hinze's insurer and that Farmers had failed to pay "sums available" for her benefit pursuant to her underinsured motorist coverage.

Shada did not specify the manner in which Farmers allegedly breached the contract of insurance. Shada sought damages of $250,000 plus attorney fees and costs.

Farmers moved for summary judgment. A hearing was held on the motion. At the hearing, Farmers submitted and the court received four exhibits, including: Shada's deposition, to which her responses to requests for admission were attached; the affidavit of Farmers' branch claims manager; the affidavit of a claims representative for Farmers; and the affidavit of the attorney for Farmers. Shada admitted in her deposition that she never made a formal demand on Farmers for underinsured motorist coverage. Shada submitted and the court received three exhibits, including: the affidavit of Shada, which set forth a copy of her policy with Farmers; another affidavit of Shada, which set forth her medical bills and records; and the affidavit of Shada's attorney.

The record from the hearing shows that on December 28, 2001, with the consent of Farmers, Shada received a settlement of policy limits with Hinze's insurer. Shada's attorney stated in his affidavit that following Shada's settlement with Hinze's insurer, he had had "informal chats" with Farmers' attorney and Farmers' adjustor regarding Shada's upcoming claim for underinsured motorist coverage and that he was "never told that the claim would be dishonored as untimely or given a deadline for submitting one."

The record further shows that on November 24, 2010, Shada's attorney sent a letter to Farmers indicating that he was preparing a demand on Farmers on Shada's behalf for underinsured motorist coverage. In his affidavit, Shada's attorney stated that he was advised that Farmers viewed such upcoming claim for underinsured motorist coverage as untimely and that such claim would not be paid. Shada's attorney further stated in his affidavit that "[e]ven absent a formal demand, I viewed this as a denial of the claim and filed suit [on January 4, 2011]."

The district court originally overruled Farmers' motion for summary judgment. Farmers moved for reconsideration, and the district court granted the motion. The order granting

Farmers' motion for summary judgment upon reconsideration is before us on appeal.

In *Snyder v. EMCASCO Ins. Co.*, 259 Neb. 621, 629, 611 N.W.2d 409, 416 (2000), we recognized the contract-based nature of an underinsured coverage dispute and held that "an insured's cause of action on an insurance policy to recover underinsured motorist benefits accrues at the time of the insurer's breach or failure to do that which is required under the terms of the policy." The parties and the district court acknowledged *Snyder* in the summary judgment proceedings.

In the court's ruling in this case, it noted that the parties agreed the claim was subject to the 5-year limitations period for contracts under § 25-205(1) but that they disagreed on the date the statute began to run. Shada asserted that the breach occurred when, shortly after she advised Farmers on November 24, 2010, that she would be filing an underinsured motorist claim, Farmers told her that a claim would be considered untimely and would not be paid. Farmers responded that the present case differed from *Snyder*, wherein the insured made her claim for underinsured motorist benefits within a month after settling with the tort-feasor; in the present case, Shada waited almost 10 years and still had not made a claim. Farmers contended that when a demand has not been timely made, the statute of limitations should begin to run on the date of the settlement of the underlying tort case. Farmers cited cases from other jurisdictions in support of its argument. See, *Yocherer v. Farmers Ins. Exchange*, 252 Wis. 2d 114, 643 N.W.2d 457 (2002); *Oanes v. Allstate Ins. Co.*, 617 N.W.2d 401 (Minn. 2000); *Brown v. American Family Ins. Group*, 989 P.2d 196 (Colo. App. 1999).

In the district court's order granting summary judgment in favor of Farmers, it stated that "[a]fter extensive reconsideration," it determined that in *Snyder*, the Nebraska Supreme Court "did not consider the ramifications on the statute of limitations when an insured indefinitely postpones making a demand on the insurer for such benefits." The district court thereafter stated that the contract-based approach adopted in *Snyder* "vests too much control in one party to determine the timetable

for his or her claim, to the other party's detriment." After discussing stare decisis and the circumstances under which it may be abandoned, the district court stated it was "reluctant to abandon the contract-based approach for the statute of limitations for [underinsured motorist] claims as set forth in *Snyder*." But, in a departure from *Snyder*, the district court nevertheless concluded that the law ought to be as follows:

> The date commencing the statute of limitations in actions for underinsured motorist coverage should be on the first of the following dates: (1) the date [on] which there has been a final resolution of the underlying claim with the tortfeasor, be it through denial of the claim, settlement, judgment, or some other resolution; or (2) the date the [underinsured motorist] insurer denies an insured's demand for [underinsured motorist] benefits, whichever is earlier.

Applying its new rule, the court concluded that the statute of limitations on Shada's claim against Farmers ran in 2006, 5 years after Shada settled with Hinze's insurer, and that therefore, her action filed on January 4, 2011, was time barred. The court granted summary judgment in Farmers' favor and dismissed Shada's complaint.

Shada appeals. We granted Farmers' petition to bypass.

## ASSIGNMENT OF ERROR

Shada claims that the district court erred when it found that her case was time barred by the 5-year contract statute of limitations.

## STANDARDS OF REVIEW

[1] An appellate court independently reviews questions of law decided by a lower court. *Beveridge v. Savage*, 285 Neb. 991, 830 N.W.2d 482 (2013).

[2,3] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Id*. In reviewing a summary judgment, an appellate

court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence. *Durre v. Wilkinson Development*, 285 Neb. 880, 830 N.W.2d 72 (2013).

## ANALYSIS

Shada claims generally that the district court erred when it granted Farmers' motion for summary judgment based on its determination that Shada's claim was time barred by the 5-year contract statute of limitations. Shada specifically claims that the district court erred as a matter of law when it adopted a new rule and deviated from *Snyder v. EMCASCO Ins. Co.*, 259 Neb. 621, 611 N.W.2d 409 (2000). We agree with Shada that the district court erred as a matter of law when it departed from *Snyder* and further conclude that, given the undisputed facts and applying the controlling law to the action as pled, Shada's claim is not time barred under the 5-year contract statute of limitations. Therefore, we reverse the judgment of the district court and remand the cause for further proceedings.

[4] This case is controlled by *Snyder*. As noted above, in *Snyder*, we held that "an insured's cause of action on an insurance policy to recover underinsured motorist benefits accrues at the time of the insurer's breach or failure to do that which is required under the terms of the policy." 259 Neb. at 629, 611 N.W.2d at 416. In *Snyder*, we recognized that courts follow various approaches to determine when an insured's cause of action for underinsured motorist benefits accrues. We analyzed the jurisprudence in this area and joined the majority of courts that have held that "because the action sounds in contract, the claim accrues and the statute of limitations begins to run on the earliest date the contract is breached." *Id*. at 627, 611 N.W.2d at 415 (citing cases holding majority rule). In the instant case, the district court found *Snyder* wanting and applied the minority view which we had previously rejected. Upon revisiting the issue, we believe our holding in *Snyder* remains sound and we continue to adhere to our view expressed therein.

[5] We have repeatedly observed that underinsured motorist coverage is a contract which indemnifies an insured when a tort-feasor's insurance coverage is inadequate. *Dworak v. Farmers Ins. Exch.*, 269 Neb. 386, 693 N.W.2d 522 (2005); *Snyder v. EMCASCO Ins. Co., supra*. See, also, *Schrader v. Farmers Mut. Ins. Co.*, 259 Neb. 87, 608 N.W.2d 194 (2000). Most relevant to our analysis are our opinions in *Schrader* and *Snyder.*

[6] In *Schrader*, we quoted the rationale of the Supreme Court of Rhode Island, which provided:

> "Although a tortious injury is an incidental element in the insured's suit against his insurer over a policy contract, the action is fundamentally one in contract. The [insured] here would have no action if it were not for the coverage provided by her insurance policy. The insurer's liability [a]rises solely from the insurance contract and nothing else."

259 Neb. at 94, 608 N.W.2d at 199 (quoting *Pickering v. American Empl. Ins. Co.*, 109 R.I. 143, 282 A.2d 584 (1971)). We recognized in *Schrader* that because underinsured motorist coverage is generally governed by contract, a vast majority of jurisdictions conclude that the contract statutes of limitations apply where there is no specific statute addressing the time period within which this type of action must be brought against the underinsured motorist coverage insurer. See, also, 3 Alan I. Widiss & Jeffrey E. Thomas, Uninsured and Underinsured Motorist Insurance § 34.3 (rev. 3d ed. 2005 & Cum. Supp. 2012). Accordingly, in *Schrader*, we held that § 25-205, which provides for a 5-year statute of limitations on written contracts, applies in an insured's suit against its underinsured motorist coverage insurer when the insured has timely filed the underlying claim against the underinsured motorist.

As explained in *Schrader*, jurisdictions have adopted a variety of approaches as to when the underinsured cause of action accrues. See *Snyder v. EMCASCO Ins. Co.*, 259 Neb. 621, 611 N.W.2d 409 (2000). These theories generally isolate three different events as triggering the statute of limitations and the accrual of the cause of action: the date of the accident;

the date the underlying tort claim is resolved; and the date the contract is allegedly breached, such as when the insurer rejects the insured's claim for benefits. *Id*. See, also, *Hamm v. Allied Mut. Ins. Co.*, 612 N.W.2d 775 (Iowa 2000) (describing three theories of when cause of action accrues and statute of limitations begins to run); 3 Widiss & Thomas, *supra*, § 34.4. In *Schrader*, it was not necessary for us to decide which theory of accrual to adopt.

In *Snyder*, we were faced squarely with the accrual issue and joined the majority of states which have determined that the action accrues at the time of the insurer's breach. In explaining the rationale for this rule, we quoted the reasoning of the Supreme Judicial Court of Massachusetts, which stated that "'[p]rior to the time when the contract is violated there is no justiciable controversy, and it would be illogical to let the statute of limitations for bringing an action begin to run before the action can be brought.'" *Snyder v. EMCASCO Ins. Co.*, 259 Neb. at 627, 611 N.W.2d at 415 (quoting *Berkshire Mutual Insurance Co. v. Burbank*, 422 Mass. 659, 664 N.E.2d 1188 (1996)).

Customarily, an insurance policy for underinsured motorist benefits will include an "exhaustion clause," which requires the insured to exhaust payments from the underinsured motorist tort-feasor before the insurer will pay the insured according to the policy. In the present case, Shada's insurance policy for underinsured motorist benefits with Farmers included such an "exhaustion clause," and it is not disputed that Shada brought an underlying tort claim against Hinze, the underinsured motorist tort-feasor, and settled that claim with Farmers' consent. The present case stems from Shada's allegation that the settlement amount is insufficient and that she is therefore entitled to underinsured coverage under her contract with Farmers.

Shada has sued Farmers for a breach of contract, but she has not alleged a breach or a specified failure of Farmers to perform under the contract of insurance. In *Snyder*, we stated that accrual commences upon a breach and we observed that this proposition is "sound and consistent with our well-established rule that an action on a written contract accrues

at the time of breach or failure to perform." 259 Neb. at 628-29, 611 N.W.2d at 416. As the Nevada Supreme Court stated, it would not make sense "to begin the statute of limitations before the insured even has a justiciable claim for breach of contract." *Grayson v. State Farm Mut. Auto. Ins.*, 114 Nev. 1379, 1381, 971 P.2d 798, 799 (1998). Since our decision in *Snyder*, there has continued to be a split of authority as to when accrual begins; however, the majority of jurisdictions still hold that the cause of action for underinsured motorist benefits accrues and the statute of limitations begins to run on the date the insurance contract is breached. See, e.g., *Brooks v. State Farm Insurance Co.*, 141 N.M. 322, 154 P.3d 697 (N.M. App. 2007); *Shelter Mut. Ins. Co. v. Nash*, 357 Ark. 581, 184 S.W.3d 425 (2004) (collecting cases).

Given the contractual nature of underinsured motorist claims, our case law, and the jurisprudence in a majority of other jurisdictions, we believe *Snyder v. EMCASCO Ins. Co.*, 259 Neb. 621, 611 N.W.2d 409 (2000), was soundly decided and we continue to follow our holding in *Snyder.* The district court failed to follow *Snyder* and adopted a minority view, which we previously considered and rejected. Upon reevaluation, we continue to adhere to our previously adopted view that the action accrues upon the insurer's breach and accordingly conclude that the district court erred as a matter of law when it failed to follow this precedent. We reverse the order of the district court which granted summary judgment in favor of Farmers and remand the cause for further proceedings.

We note that in its answer, Farmers raised as affirmative defenses both the statute of limitations and laches. In its decision, the district court ruled only on the statute of limitations defense and did not comment on the issue of laches. Because the district court did not address the issue of laches and because Farmers did not raise the district court's failure to consider laches in a cross-appeal, we do not address the issue here.

## CONCLUSION

The district court failed to apply our holding in *Snyder* that the action accrues upon the insurer's breach and erred as a

matter of law when it determined that Shada's action against Farmers for underinsured motorist benefits accrued upon her settlement with the tort-feasor's insurer and was time barred. Therefore, we conclude that the district court erred when it granted Farmers' motion for summary judgment and dismissed the case. We reverse the judgment and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.