RENT-A-ROOFER, INC., APPELLANT AND CROSS-APPELLEE, V.
FARM BUREAU PROPERTY & CASUALTY INSURANCE
COMPANY, APPELLEE AND CROSS-APPELLANT.
___ N.W.2d ___

Filed September 11, 2015.    No. S-14-895.

1. **Summary Judgment.** Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue regarding any material fact, or the ultimate inferences that may be drawn from those facts, and that the moving party is entitled to judgment as a matter of law.

2. **Summary Judgment: Appeal and Error.** In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence.

3. **Judgments: Appeal and Error.** As to questions of law, an appellate court has an obligation to reach a conclusion independent from the trial court's conclusion.

4. **Insurance: Liability: Notice: Proof.** In order to escape liability or the duty to defend on account of an insured's unreasonable and unexcused delay in giving notice of claim, a liability insurer is required to show that it was prejudiced.

5. **Insurance: Liability: Notice.** An insurer's relief from the duty to defend, just the same as its overall liability to its insured, is dependent on whether the insurance company's defense suffered prejudice from the insured's failure to notify.

6. **Insurance: Notice: Time.** Prejudice is determined by examining whether the insurer received notice in time to meaningfully protect its interests.

7. **____: ____: ____.** The mere passage of time generally does not establish prejudice to the insurer.

8. **Insurance: Contracts: Notice: Claims.** The purpose of a notice provision is to alert the insurer of a possible claim to give it the opportunity to make an investigation in order to enable it to process any future claim.

9. ____: ____: ____: ____. When the failure to give notice is shown to prejudice the insurer's opportunity to make an investigation or enable it to process a claim, that failure to give notice is prejudicial and a material breach of the insurance contract.

10. **Insurance: Contracts: Proof.** Prejudice must be shown when an insurer seeks to avoid the policy for breach of a voluntary payments provision.

11. **Insurance: Contracts: Proof: Compromise and Settlement.** In the context of voluntary payment provisions, prejudice may be shown as a matter of law where the insured's settlement deprived the insurer of the opportunity to protect its interests in litigation or participate in the litigation and settlement discussions.

12. **Insurance: Liability: Notice: Waiver.** Where an insurer has already denied liability for a claim, it is neither necessary nor proper for the insured to notify the insurer again, and the insured's duty to notify may be waived through such denial.

13. **Insurance: Liability: Waiver.** An insurer's denial of a claim must be express or unequivocal, or in an instance where the facts or circumstances warrant the inference that liability was denied.

14. **Insurance: Claims: Notice.** Where two claims against an insured are so different as to involve different parties, different complaints, and different occurrences, the insured must give notice to its insurer of both claims.

Appeal from the District Court for Lancaster County: Stephanie F. Stacy, Judge. Affirmed.

Cynthia R. Lamm, of Law Office of Cynthia R. Lamm, and Jacob Tewes, Senior Certified Law Student, for appellant.

Gary J. Nedved, of Keating, O'Gara, Nedved & Peter, P.C., L.L.O., for appellee.

Heavican, C.J., Wright, Connolly, McCormack, Miller-Lerman, and Cassel, JJ.

McCormack, J.

## NATURE OF CASE

The appellant, Rent-A-Roofer, Inc., doing business as A-J Roofing & Waterproofing, settled a lawsuit without notifying its insurer—the appellee, Farm Bureau Property & Casualty Insurance Company (Farm Bureau)—of the lawsuit. After settlement, Rent-A-Roofer attempted to claim damages from Farm Bureau. Farm Bureau declined coverage because Rent-A-Roofer failed to meet the notice and voluntary payments provisions of its insurance policy. The district court found that, where the insured failed to meet both the notice and voluntary payments provisions, prejudice had been established as a matter of law and allowed Farm Bureau to avoid liability under the policy. Rent-A-Roofer appeals, claiming it is entitled to costs of defense for the suit.

## BACKGROUND

At all relevant times, Rent-A-Roofer held a commercial general liability insurance policy with Farm Bureau.

In September 2007, the State of Nebraska filed a lawsuit in the district court for Lancaster County for damages arising from Rent-A-Roofer's alleged failure to install a roof in a good and workmanlike manner. The date of the State's loss was during the policy year of 2004 to 2005. Rent-A-Roofer disputed the faultiness of its workmanship and submitted the defense of the matter to Farm Bureau.

Farm Bureau decided that the complaint sought damages only for faulty workmanship and determined that the policy excluded such faulty workmanship under the "'your work'" exclusion. Farm Bureau informed Rent-A-Roofer that the property damage did not arise out of a covered "'occurrence,'" so Farm Bureau would not indemnify or defend its insured. Thereafter, Rent-A-Roofer hired its own counsel to defend the suit and reached a settlement in exchange for a release and dismissal of the suit.

In August 2010, the National Research Corporation (NRC) filed a lawsuit against Rent-A-Roofer and six other defendants in the district court for Lancaster County. Similar to the case brought by the State, NRC also alleged that Rent-A-Roofer and the other defendants had failed to construct and renovate its property in a workmanlike manner, among other claims. Rent-A-Roofer did not notify Farm Bureau of the NRC claim at that time because, "based upon the company's experience in the case brought by the State, [Rent-A-Roofer] did not believe there was coverage for the claim."[1]

Instead of notifying Farm Bureau of the claim against it, Rent-A-Roofer hired and paid for its own legal counsel. Rent-A-Roofer proceeded with its hired counsel to mediation, where, on August 17, 2011, Rent-A-Roofer reached a settlement with NRC. On September 12, Rent-A-Roofer notified Farm Bureau of its involvement in litigation with NRC and made a demand under Rent-A-Roofer's policy with Farm Bureau.

The insurance policy held by Rent-A-Roofer contained a notice provision which stated: "**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**[**:**] **a.** You must see to it that we are notified as soon as practicable of an 'occurrence' or an offense which may result in a claim." The policy further contained a voluntary payments provision stating:

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit[.]"

. . . .

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation,

---
[1] Brief for appellant at 7.

or incur any expense, other than for first aid, without our consent.

Farm Bureau refused Rent-A-Roofer's claim on the grounds that Rent-A-Roofer breached the policy's notice provision and the voluntary payments provision. In June 2012, Rent-A-Roofer filed suit against Farm Bureau, alleging breach of contract and bad faith stemming from Farm Bureau's denial of coverage.

Farm Bureau moved for summary judgment, arguing that the undisputed evidence showed coverage was properly denied under the policy and that Farm Bureau was entitled to judgment as a matter of law. Specifically, Farm Bureau argued that it properly declined coverage because Rent-A-Roofer failed to give Farm Bureau notice of the NRC claim as required under the policy and because Rent-A-Roofer voluntarily consented to a settlement with NRC without Farm Bureau's knowledge or consent as also required under the policy.

As a "threshold matter," the district court addressed whether, in actions where an insurer asserts voluntary payment as a basis for denying coverage under the policy, the insurer must also prove it had been prejudiced by the insured's breach of those policy conditions. In Nebraska, as a matter of law, an insurer must show prejudice before declining coverage due to failure to meet a notice provision.[2] However, we have not yet determined whether an insurer must show prejudice before declining coverage due to a failure to meet a voluntary consent provision. The district court concluded that for an insurer to deny coverage based on breach of a voluntary settlement condition, the insurer is required to show prejudice in connection with its claim.

The district court then went on to hold, however, that in cases where both the notice provision and the voluntary consent provisions are breached by the insurer's not being given

---

[2] See *Herman Bros. v. Great West Cas. Co.*, 255 Neb. 88, 582 N.W.2d 328 (1998).

an opportunity to take part in a final settlement or agreement to pay, there is prejudice as a matter of law. Specifically, when Rent-A-Roofer entered into an agreement to pay without bringing the suit or settlement to the attention of the insurer, Farm Bureau was prejudiced as a matter of law. The court further stated, "[t]his court need not engage in guess or speculation or conjecture as to what [Farm Bureau] would have done if given proper notice, as it is the abrogation of [Farm Bureau's] contractual rights and loss of a meaningful opportunity to protect its interests that constitute prejudice under Nebraska law."

## ASSIGNMENTS OF ERROR

Rent-A-Roofer assigns as error the court's grant of summary judgment to Farm Bureau, after the finding that Farm Bureau was prejudiced as a matter of law by Rent-A-Roofer's failure to give notice of the lawsuit until after Rent-A-Roofer's settlement. Rent-A-Roofer also assigns as error the court's failure to specifically address whether Farm Bureau was obligated to pay the costs of Rent-A-Roofer's defense.

## STANDARD OF REVIEW

[1] Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue regarding any material fact, or the ultimate inferences that may be drawn from those facts, and that the moving party is entitled to judgment as a matter of law.[3]

[2] In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence.[4]

---

[3] *Marcovitz v. Rogers*, 276 Neb. 199, 752 N.W.2d 605 (2008).

[4] *Shada v. Farmers Ins. Exch.*, 286 Neb. 444, 840 N.W.2d 856 (2013); *Durre v. Wilkinson Development*, 285 Neb. 880, 830 N.W.2d 72 (2013).

[3] As to questions of law, an appellate court has an obligation to reach a conclusion independent from the trial court's conclusion.[5]

## ANALYSIS

The district court found that in actions where an insurer asserts untimely notice and voluntary payment as a basis for denying coverage under the policy, the insurer must also prove it has been prejudiced by the insured's breach of those policy conditions in order to avoid liability. The district court then continued to find that Farm Bureau was prejudiced as a matter of law when Rent-A-Roofer did not report the claim to Farm Bureau until after it reached a settlement agreement with NRC, because Farm Bureau was unable to take any action whatsoever to protect its interests or the interests of the insured.

At the trial court level, and in its brief on appeal, Rent-A-Roofer sought complete recovery of costs of the suit, including indemnity and defense costs from Farm Bureau. However, at oral argument, Rent-A-Roofer changed its argument and prayer for relief to ask only for the costs of defending the suit against NRC. We must now determine whether an insurer's duty to defend is relieved when the insured fails to notify the insurer of a claim until after it has reached a binding settlement agreement with the claimant, in breach of both the notice and voluntary payments provisions of its insurance policy. We conclude that, as a matter of law, an insurer is not liable for defense costs where defense of the claim concluded before the insured brought the suit to the attention of the insurer and after the parties entered into the final settlement agreement, because this complete lack of an opportunity to engage in the defense is prejudicial to the insurer.

Rent-A-Roofer's commercial general liability policy with Farm Bureau contained the following provisions:

---

[5] *Herman Bros. v. Great West Cas. Co., supra* note 2.

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. . . .

. . . .

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

### Requirement of Prejudice

[4,5] With regard to notice provisions in insurance contracts, we have stated that "[i]n order to escape liability *or the duty to defend* on account of an insured's unreasonable and unexcused delay in giving notice of claim, a liability insurer is required to show that it was prejudiced."[6] Of particular importance to Rent-A-Roofer's claim for defense costs, an insurer's relief from the *duty to defend*, just the same as its overall liability to its insured, is dependent on whether the insurance company's defense suffered prejudice from the insured's failure to notify.[7]

[6-9] Prejudice is determined by examining whether the insurer received notice in time to meaningfully protect its interests.[8] The mere passage of time generally does not establish prejudice to the insurer.[9] The purpose of a notice provision is "to alert the insurer of a possible claim to give it the

---

[6] *Dutton-Lainson Co. v. Continental Ins. Co.*, 271 Neb. 810, 828, 716 N.W.2d 87, 102 (2006) (emphasis supplied). See, also, *Herman Bros. v. Great West Cas. Co., supra* note 2.

[7] See, *Dutton-Lainson Co. v. Continental Ins. Co., supra* note 6; *Herman Bros. v. Great West Cas. Co., supra* note 2; Stephen A. Klein, *Insurance Recovery of Prenotice Defense Costs*, 34 Tort & Ins. L.J. 1103 (1999).

[8] *Dutton-Lainson Co. v. Continental Ins. Co., supra* note 6.

[9] *Herman Bros. v. Great West Cas. Co., supra* note 2.

opportunity to make an investigation in order to enable it to process any future claim."[10] Therefore, when the failure to give notice is shown to prejudice the insurer's opportunity to make an investigation or enable it to process a claim, that failure to give notice is prejudicial and a material breach of the insurance contract.

We have not yet addressed whether the breach of a voluntary payments provision amounts to a material breach of an insurance contract, allowing the insurer to avoid liability, or whether the additional element of prejudice must be proved before the insurer can prove a material breach and avoid liability. Courts around the country differ in their approach to voluntary payments provisions. Some states find that an insured's failure to comply with a voluntary payments provision means that the insurer is not liable to the insured under the policy, and do not require the insurer to be prejudiced as a result of the settlement.[11] Other states still require the insurer to show prejudice resulting from the breach of the voluntary payments provision, but presume prejudice as a matter of law where the insurer did not have an opportunity to participate in the defense or the settlement process.[12]

---

[10] *Id.* at 95, 582 N.W.2d at 333.

[11] See 1 Allan D. Windt, Insurance Claims & Disputes: Representation of Insurance Companies and Insureds § 3:09 (3d ed. 1995 & Cum. Supp. 1998). See, e.g., *Fisher v. USAA Cas. Ins. Co.*, 973 F.2d 1103 (3d Cir. 1992); *Central Bank v. St. Paul Fire & Marine Ins.*, 929 F.2d 431 (8th Cir. 1991); *Dietz Intern. Public Adjusters v. Evanston Ins.*, 796 F. Supp. 2d 1197 (C.D. Cal. 2011); *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267 (Ind. 2009); *Phillips Way v. American*, 143 Md. App. 515, 795 A.2d 216 (2002); *Tenneco Inc. v. Amerisure Mut. Ins. Co.*, 281 Mich. App. 429, 761 N.W.2d 846 (2008).

[12] See, e.g., *Perini/Tompkins Joint Venture v. Ace American Ins.*, 738 F.3d 95 (4th Cir. 2013); *Motiva Enterprises v. St. Paul Fire and Marine*, 445 F.3d 381 (5th Cir. 2006); *Harrisburg Area Com. College v. Pacific Emp. Ins.*, 682 F. Supp. 805 (M.D. Pa. 1988); *Augat, Inc. v. Liberty Mutual Ins. Co.*, 410 Mass. 117, 571 N.E.2d 357 (1991); *Roberts Oil v. Transamerica Ins.*, 113 N.M. 745, 833 P.2d 222 (1992).

[10] The purpose of a voluntary payments provision is similar to notice, consent-to-settlement, and cooperation provisions in a contract—the purpose is to ensure that an insurer has an opportunity to protect its interests.[13] The voluntary payments provision allows the insurance company an "opportunity to protect itself and its insured by investigating any incident that may lead to a claim under the policy, and by participating in any resulting litigation or settlement discussions."[14] Given the similarity in purpose between notice provisions and voluntary payments provisions, we find that it is proper to maintain the prejudice requirement when an insurer seeks to avoid the policy for breach of a voluntary payments provision.

### Determination of Prejudice

We now turn to the issue of whether prejudice has been proved where the claim was not tendered to the insurer until after the defense is completed and the insured has entered into a binding settlement agreement.

In *Herman Bros. v. Great West Cas. Co.*,[15] an insured asked its liability insurer to recover costs of defending and settling an action filed by the National Labor Relations Board. The labor board filed a formal complaint, hearings were held, and the parties engaged in negotiations resulting in a settlement between the insured and the labor board. At that point, the insured met with the insurer to notify the insurer of the claim against it. The claimant then sent the insurer written notice of its claim, the complaint, and the proposed settlement. The insurer denied coverage, and the insured filed suit to recover the amount of the settlement plus attorney fees incurred. There, we determined that the insurance company was "not

---

[13] See, e.g., *West Bend Mut. Ins. Co. v. Arbor Homes LLC*, 703 F.3d 1092 (7th Cir. 2013); *Augat, Inc. v. Liberty Mutual Ins. Co., supra* note 12.

[14] *West Bend Mut. Ins. Co. v. Arbor Homes LLC, supra* note 13, 703 F.3d at 1095.

[15] *Herman Bros. v. Great West Cas. Co., supra* note 2.

given an opportunity to meaningfully protect its interests, and therefore, [the insurance company] was prejudiced as a matter of law."[16]

In *Herman Bros.*, we cited the Wisconsin case of *Gerrard Realty Corp. v. American States Ins. Co.*,[17] in which the insurer was not given knowledge of the claim or ensuing litigation until 22 months after the suit commenced and after the trial was completed, and the insurer had no opportunity to investigate or defend the claim, nor did it have any opportunity to participate in decisions regarding the settlement of the claim. The Wisconsin Supreme Court determined that the failure to give notice until after defense of the case was completed was prejudicial to the insurer as a matter of law.[18]

[11] We conclude that prejudice may be shown as a matter of law where the insured's settlement deprived the insurer of the opportunity to protect its interests in litigation or participate in the litigation and settlement discussions. In this case, at the time the insured entered into an enforceable settlement agreement, it was too late for Farm Bureau to act to protect its interests. There was nothing left for Farm Bureau to do but issue a check. An insurer cannot fail in defending a suit that it has no knowledge of. In this case, we conclude that this complete denial of Farm Bureau's opportunity to engage in the defense, take part in the settlement discussions, or consent to the settlement agreement was prejudicial as a matter of law to Farm Bureau and find that Farm Bureau is not liable for defense costs.

[12-14] As a final matter, Rent-A-Roofer argues that its duty to notify Farm Bureau of the claim was waived when Farm Bureau declined coverage over a prior, allegedly similar claim. However, the prior claim for which coverage was

---

[16] *Id.* at 99, 582 N.W.2d at 335.

[17] *Gerrard Realty Corp. v. American States Ins. Co.*, 89 Wis. 2d 130, 277 N.W.2d 863 (1979).

[18] *Id.*

denied involved a different occurrence, different parties, and different allegations, and in short, it had no relation whatsoever to the claim by NRC against Rent-A-Roofer. We have held that where an insurer has already denied liability for a claim, it is neither necessary nor proper for the insured to notify the insurer again, and the insured's duty to notify may be waived through such denial.[19] But, an insurer's denial of the claim must be "'express or unequivocal,'" or in an instance where "'the facts and circumstances warrant the inference that liability was . . . denied.'"[20] Where the two claims against the insured are so different as to involve different parties, different complaints, and different occurrences, the insured must give notice to its insurer of both claims. The insurer does not waive notice by denying coverage over a prior, and wholly different, claim.

## CONCLUSION

The district court was correct in its finding that Farm Bureau is not liable for settlement by NRC against Rent-A-Roofer, and, by way of that finding, Farm Bureau is not liable for Rent-A-Roofer's defense costs. We affirm.

Affirmed.

Stephan, J., not participating.

---

[19] See, *Dutton-Lainson Co. v. Continental Ins. Co., supra* note 6; *Thomas Kilpatrick & Co. v. London Guarantee & Accident Co.*, 121 Neb. 354, 237 N.W. 162 (1931).

[20] *Dutton-Lainson Co. v. Continental Ins. Co., supra* note 6, 271 Neb. at 829, 716 N.W.2d at 103. See, also, *Otteman v. Interstate Fire & Cas. Co., Inc.*, 172 Neb. 574, 111 N.W.2d 97 (1961).